IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIYAD BIN SALIH BIN MUHAMMAD<br>AL-BAHOOTH, <u>et al.</u>,<br><br>   Petitioners,<br><br> v.<br><br>GEORGE W. BUSH,<br> President of the United States,<br> <u>et al.</u>,<br><br>   Respondents. | Civil Action No. 05-CV-1666 (ESH) |
| ABDALHADI M. AL-SOPAI, <u>et al.</u>,<br><br>   Petitioners,<br><br> v.<br><br>GEORGE W. BUSH,<br> President of the United States,<br> <u>et al.</u>,<br><br>   Respondents. | Civil Action No. 05-CV-1667 (RBW) |
| RASHID AWADH RASHID<br>AL-UWAIDAH, <u>et al.</u>,<br><br>   Petitioners,<br><br> v.<br><br>GEORGE W. BUSH,<br> President of the United States,<br> <u>et al.</u>,<br><br>   Respondents. | Civil Action No. 05-CV-1668 (GK) |

```
                                          )
FAHAD SALEH ALGATELE, et al.,[1]          )
                                          )
            Petitioners,                  )
                                          )
      v.                                  )        Civil Action No. 05-CV-1669 (TFH)
                                          )
GEORGE W. BUSH,                           )
            President of the United States, )
      et al.,                             )
                                          )
            Respondents.                  )
                                          )
```

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS AND OPPOSITION TO PETITIONERS' MOTIONS FOR ORDERS TO SHOW CAUSE**

Respondents hereby submit this reply memorandum in support of their motions to stay proceedings pending related appeals and opposition to petitioners' motions for orders to show cause in the above-captioned cases. Petitioners in these cases, each represented by the same counsel, have filed virtually identical oppositions to respondents' motions to stay.[2] Three of the petitioners have also filed essentially identical motions for an order to show cause and

---

[1] Petitioners have filed motions to change the captions to reflect corrected spellings of petitioners' names in Al-Sopai v. Bush, No. 05-CV-1667 (RBW) (dkt. no. 4) and Algatele v. Bush, No. 05-CV-1669 (TFH) (dkt. no. 5). Respondents do not oppose modification of the captions, but to avoid unnecessary confusion, continue to use the original captions until the motions are granted and the Court's dockets are amended to formally reflect the changes.

[2] See Petitioner's Limited Opposition to Respondents' Motion to Stay Proceedings, Al-Bahooth v. Bush, No. 05-CV-1666 (ESH) (dkt. no. 9), Al-Sopai v. Bush, 05-CV-1667 (RBW) (dkt. no. 9), Al-Uwaidah v. Bush, No. 05-CV-1668 (GK) (dkt. no. 9), Algatele v. Bush, 05-CV-1669 (TFH) (dkt. no. 9). The oppositions in each case are nearly identical so respondents will refer to all four as "Petr. Opp."

memoranda in support thereof.[3]  In the interest of efficiency, respondents reply to the oppositions

and oppose the motions in this consolidated fashion, and for the reasons set forth below.

## ARGUMENT

While petitioners "agree to the stay requested by Respondents," Petr. Opp. at 1, they still

insist, except for petitioner Algatele,[4] that factual returns be filed in their cases "within 30 days

or some other reasonable time."[5]  Id.  There is no dispute that the resolution of the appeals of the

decisions of Judges Leon and Green in Khalid v. Bush, Nos. 04-CV-1142 (RJL), 355 F. Supp. 2d

_____

[3] See Petitioner's Memorandum of Law in Support of Motion for an Order to Show
Cause, Al-Bahooth, No. 05-CV-1666 (ESH) (dkt. no. 8), Al-Sopai, 05-CV-1667 (RBW) (dkt. no.
6), Al-Uwaidah, No. 05-CV-1668 (GK) (dkt. no. 8).  These memoranda are nearly identical so
respondents will refer to all three as "Petr. Memo."

[4] In Algatele v. Bush, No. 05-CV-1669 (TFH), Judge Roberts previously issued an order
requiring respondents to file a statement showing why a writ of habeas corpus should not issue,
dkt. no. 2.  The order was issued prior to respondents' appearance and motion to stay in the case,
and prior to the case's reassignment to Judge Hogan.  For the reasons stated in respondents'
motion to stay and herein, respondents should not be required to file a factual return, i.e., the
Court should stay respondents' obligation to file a factual return in Algatele.

[5] Petitioners also requested that stays be conditioned upon respondents providing 30
days' advance notice of any transfer of petitioners from Guantanamo Bay and in Al-Bahooth, Al-
Uwaidah, and Algatele, on preserving all evidence, documents, and information relating to
petitioners' cases.  Petitioners' motions relating to these conditions are not addressed in the
instant brief because respondents have already opposed these motions.  See Respondents'
Opposition to Petitioners' Motions for Preliminary Injunctions Requiring Advance Notice of
Transfer or Release, Al-Bahooth, No. 05-CV-1666 (ESH) (dkt. no. 12); Al-Uwaidah, No. 05-
CV-1668 (GK) (dkt. no. 12); Algatele, No. 05-CV-1669 (TFH) (dkt. no. 13); Respondents'
Opposition to Petitioner's Motion for Order Regarding Notice of Transfer, Al-Sopai, No. 05-
CV-1667 (RBW) (dkt. no. 10); see also Respondents' Opposition to Petitioners' Motion for
Preservation Order, Al-Bahooth, No. 05-CV-1666 (ESH) (dkt. no. 13); Al-Uwaidah, No. 05-CV-
1668 (GK) (dkt. no. 13); Algatele, No. 05-CV-1669 (TFH) (dkt. no. 14).  As another Judge of
this Court concluded in declining a similar invitation to order advance notice as a condition of a
stay, and the same logic can be extended to a request for a preservation order as a stay condition,
"if the petitioners cannot meet the prerequisites of a motion for preliminary injunction . . . it is
unlikely that they should receive that same relief through the backdoor of a stay."  Al-Anazi v.
Bush, 370 F. Supp. 2d 188, 199 n.11 (D.D.C. 2005) (citing Laborers' Intern. Union of North
Am. v. Nat'l Post Office Mail Handlers, 1988 WL 142384, at *1 (D.D.C. Dec. 23, 1988)).

311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re

Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), petition for interlocutory

appeal granted, No. 05-8003 (D.C. Cir. Mar. 10, 2005), will address the core issues in these

important cases and, thus, determine how these cases should proceed, if at all.  Thus, it would be

a wasteful expenditure of resources to proceed with litigation regarding the alleged rights of

detainees held as enemy combatants at Guantanamo Bay when the law governing any such rights

is presently in dispute and will be resolved by the Court of Appeals on an expedited basis.

Several Judges of this Court have already recognized as much, and generally stayed proceedings

in Guantanamo detainee habeas cases pending before them.[6]  Consistent with this approach,

---

[6] See Al Mohammed v. Bush, No. 05-CV-0247 (HHK) (dkt. no. 18); El-Mashad v. Bush, No. 05-CV-0270 (JR) (dkt. no. 29); Al-Adahi v. Bush, No. 05-CV-0280 (GK) (dkt. no. 35); Al Joudi v. Bush, No. 05-CV-0301 (GK) (dkt. no. 26); Al-Wazan v. Bush, No. 05-CV-0329 (PLF) (dkt. no. 15); Al-Anazi v. Bush, No. 05-CV-0345 (JDB) (dkt. no. 21); Alhami v. Bush, No. 05-CV-0359 (GK) (dkt. no. 20); Ameziane v. Bush, No. 05-CV-0392 (ESH) (dkt. no. 12); Sliti v. Bush, No. 05-CV-0429 (RJL) (dkt. no. 8); M.C. v. Bush, No. 05-CV-0430 (ESH) (dkt. no. 10); Kabir v. Bush, No. 05-CV-0431 (RJL) (dkt. no. 10); Qayed v. Bush, No. 05-CV-0454 (RMU) (dkt. no. 4); Al-Shihry v. Bush, No. 05-CV-0490 (PLF) (dkt. no. 14); Aziz v. Bush, No. 05-CV-492 (JR) (dkt. no. 16); Al-Oshan v. Bush, No. 05-CV-0520 (RMU) (dkt. no. 12); Tumani v. Bush, No. 05-CV-0526 (RMU) (dkt. no. 5); Al-Oshan v. Bush, No. 05-CV-0533 (RJL) (dkt. no. 6); Al Shamri v. Bush, No. 05-CV-0551 (RWR) (dkt. no. 10); Salahi v. Bush, No. 05-CV-0569 (JR) (dkt. no. 8); Mammar v. Bush, No. 05-CV-0573 (RJL) (dkt. no. 5); Al-Sharekh v. Bush, No. 05-CV-0583 (RJL) (dkt. no. 9); Magram v. Bush, No. 05-CV-0584 (CKK) (dkt. no. 9); Al Rashaidan v. Bush, No. 05-CV-0586 (RWR) (dkt. no. 10); Mokit v. Bush, No. 05-CV-0621 (PLF) (dkt. no. 13); Al Daini v. Bush, No. 05-CV-0634 (RWR) (dkt. no. 10); Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 16); Battayav v. Bush, No. 05-CV-0714 (RBW) (dkt. no. 12); Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 13); Hamlily v. Bush, No. 05-CV-0763 (JDB) (dkt. no. 10); Imran v. Bush, No. 05-CV-0764 (CKK) (dkt. no. 6); Al Habashi v. Bush, No. 05-CV-0765 (EGS) (Minute Order dated September 23, 2005); Al Hamamy v. Bush, No. 05-CV-0766 (RJL) (dkt. no. 6); Hamoodah v. Bush, No. 05-CV-0795 (RJL) (dkt. no. 13); Rahmattullah v. Bush, No. 05-CV-0878 (CKK) (dkt. no. 3); Mohammed v. Bush, No. 05-CV-0879 (RBW) (dkt. no. 4); Nasrat v. Bush, No. 05-CV-0880 (ESH) (dkt. no. 4); Slahi v. Bush, No. 05-CV-0881 (RWR) (dkt. no. 5); Bostan v. Bush, No. 05-CV-0883 (RBW) (dkt. no. 4); Chaman v. Bush, No. 05-CV-0887 (RWR) (dkt. no. 7); Gul v. Bush, No. 05-CV-0888 (CKK) (dkt. no. 3); Basardh v. Bush, No. 05-CV-0889 (ESH) (dkt. no. 4); Nasrullah v. Bush, No. 05-CV-0891 (RBW) (dkt. no.

proceedings in the above-captioned cases also should be stayed pending the resolution of the

appeals of Khalid, et al. and In re Guantanamo Detainee Cases.[7]

Petitioners' cavalier and dismissive treatment of the needless expenditure of judicial and

litigation resources that would result from additional proceedings in these cases, including the

submission of factual returns, ignores the cascade effect that would follow from not staying the

cases. Presently, there are approximately 170 habeas cases pending on behalf of well over 250

_____

4); Shaaban v. Bush, No. 05-CV-0892 (CKK) (dkt. no. 3); Sohail v. Bush, No. 05-CV-0993
(RMU) (dkt. no. 3); Tohirjanovich v. Bush, No. 05-CV-0994 (JDB) (dkt. no. 4); Al Karim v.
Bush, No. 05-CV-0998 (RMU) (dkt. no. 3); Al-Khalaqi v. Bush, No. 05-CV-0999 (RBW) (dkt.
no. 3); Kahn v. Bush, No. 05-CV-1001 (ESH) (dkt. no. 3); Mangut v. Bush, No. 05-CV-1008
(JDB) (dkt. no. 2); Hamad v. Bush, No. 05-CV-1009 (JDB) (dkt. no. 4); Khan v. Bush, No. 05-
CV-1010 (RJL) (dkt. no. 3); Ali Shah v. Bush, No. 05-CV-1012 (ESH) (dkt. no. 3); Salaam v.
Bush, No. 05-CV-1013 (JDB) (dkt. no. 2); Al-Hela v. Bush, No. 05-CV-1048 (RMU) (dkt. no.
12); Khalifh v. Bush, No. 05-CV-1189 (JR) (dkt. no. 9); Zalita v. Bush, No. 05-CV-1220 (RMU)
(dkt. no. 3); Abdulzaher v. Bush, No. 05-CV-1236 (RWR) (dkt. no. 12); Aminullah v. Bush, No.
05-CV-1237 (ESH) (dkt. no. 3); Ghalib v. Bush, No. 05-CV-1238 (CKK) (dkt. no. 3); Al Khaiy
v. Bush, No. 05-CV-1239 (RJL) (dkt. no. 5); Pirzai v. Bush, No. 05-CV-1242 (RCL) (dkt. no. 4);
Peerzai v. Bush, No. 05-CV-1243 (RCL) (dkt. no. 4); Alsawam v. Bush, No. 05-CV-1244 (CKK)
(dkt. no. 3); Mohammadi v. Bush, No. 05-CV-1246 (RWR) (dkt. no. 7); Al Ginco v. Bush, No.
05-CV-1310 (RJL) (dkt. no. 5); Ullah v. Bush, No. 05-CV-1311 (RCL) (dkt. no. 5); Al Bihani v.
Bush, No. 05-CV-1312 (RJL) (dkt. no. 4); Mohammed v. Bush, No. 05-CV-1347 (GK) (dkt. no.
7); Saib v. Bush, No. 05-CV-1353 (RMC) (Minute Order dated August 1, 2005); Hatim v. Bush,
No. 05-CV-1429 (RMU) (dkt. no. 16); Al-Subaiy v. Bush, No. 05-CV-1453 (RMU) (dkt. no.
14); Dhiab v. Bush, No. 05-CV-1457 (GK) (Minute Order dated August 29, 2005); Sadkhan v.
Bush, No. 05-CV-1487 (RMC) (dkt. no. 13); Faizullah v. Bush, No. 05-CV-1489 (RMU) (dkt.
no. 3); Faraj v. Bush, No. 05-CV-1490 (PLF) (dkt. no. 11); Ahmad v. Bush, No. 05-CV-1492
(RCL) (dkt. no. 3); Amon v. Bush, No. 05-CV-1493 (RBW) (dkt. no. 3); Kiyemba v. Bush, No.
05-CV-1509 (RMU) (dkt. no. 8); Attash v. Bush, No. 05-CV-1592 (RCL) (dkt. no. 12); Mamet
v. Bush, No. 05-CV-1602 (ESH) (dkt. no. 9); Akhtiar v. Bush, No. 05-CV-1635 (PLF) (dkt. no.
10); Ghanem v. Bush, No. 05-CV-1638 (CKK) (dkt. no. 7); Al-Badah v. Bush, No. 05-CV-1641
(CKK) (dkt. no. 12); Zaid v. Bush, No. 05-CV-1646 (JDB) (dkt. no. 12); Bin Amir v. Bush, No.
05-CV-1724 (RMU) (dkt. no. 11); Sameur v. Bush, No. 05-CV-1806 (CKK) (dkt. no. 5); Al-
Harbi v. Bush, No. 05-CV-1857 (CKK) (dkt. no. 3); Alkhemisi v. Bush, No. 05-CV-1983
(RMU) (dkt. no. 5); Al-Shabany v. Bush, No. 05-CV-2029 (JDB) (dkt. no. 11).

[7] The Court presumably would retain discretion to modify a stay of proceedings in a
particular case should circumstances arise truly warranting a lifting of the stay.

detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the

decisions of Judges Leon and Green in <u>Khalid, et al.</u> and <u>In re Guantanamo Detainee Cases</u>.  A

decision to allow proceedings or submission of factual returns to go forward pending the

resolution of the appeals, which were argued before the D.C. Circuit on September 8, 2005,

could precipitate a chain reaction – the scores of petitioners in other pending and future

Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to

order additional proceedings or access to factual returns in those cases, perhaps even by lifting or

modifying stays that have already been entered.  Such motions have been filed recently.  <u>See,</u>

<u>e.g.</u>, <u>Aziz v. Bush</u>, No. 05-CV-492 (JR) (dkt. no. 28).  Further, submission of these returns,

which may ultimately be unnecessary, will increase the risks of inadvertent or other disclosure or

compromise of classified information.

      This scenario is exactly what Judge Green aimed to avoid when she denied petitioners'

motion to reconsider her order granting a stay pending appeal "in light of the substantial

resources that would be expended and the significant burdens that would be incurred should this

litigation go forward."  <u>See</u> Order Denying Motion for Reconsideration of Order Granting Stay

Pending Appeal in <u>In re Guantanamo Detainee Cases</u> (Feb. 7, 2005) (Green, J.).  Indeed, any

proceedings in these cases that are permitted to go forward, including a decision requiring the

submission of factual returns, would very likely need to be revisited or relitigated, and may be

shown to have been altogether unnecessary, once the Court of Appeals provides guidance

regarding handling of the habeas claims of Guantanamo Bay detainees such as petitioners.  Thus,

in the interest of efficiency of judicial and litigation resources, as well as to minimize

administrative burdens, this Court should hold proceedings in the above-captioned cases in

abeyance pending the outcome of the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.[8]

In the event the stays in these cases are modified to allow the submission of factual returns, however, it could only be done pursuant to a coordinated and reasonable schedule, taking account of the fact that petitioners in all the recently filed cases have sought and are seeking factual returns and given the heavy logistical burdens posed by an undertaking to produce returns in the cases.  Petitioners suggest two schedules for the submission of factual returns: either having factual returns due "within 30 days <u>or</u> on a date certain within a reasonable time after" the order to show cause's entry.  Petr. Memo. at 1 (emphasis added); Petr. Opp. at 1 (agreeing to stay and requesting that the stay be conditioned upon, <u>inter alia</u>, "providing a factual return within 30 days or some other reasonable time.").

Requiring respondents to submit factual returns in 30 days would result in an unnecessary logistical burden for respondents.  Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source

_____

[8] Petitioners misrepresent respondents' statement in the stay motions regarding the Protective Order and related, supplementary orders, which have been entered in other Guantanamo habeas cases.  Petitioners combine a quotation from the text of respondents' stay motions with a distortion of a footnote to claim that respondents "'do not intend' . . . to preclude future challenges to the terms of the protective orders governing the procedures for counsel's access to detainees and the handling of classified documents in this case."  Petr. Opp. at 3 (quoting Respondents' Motion to Stay Proceedings Pending Related Appeals at 3, <u>Al-Bahooth</u>, 05-CV-1666 (ESH) (dkt. no. 3), <u>Al-Sopai</u>, 05-CV-1667 (RBW) (dkt. no. 3), <u>Al-Uwaidah</u>, 05-CV-1668 (GK) (dkt. no. 3); and Respondents' Motion to Stay Proceedings Pending Related Appeals at 2 n.1, <u>Algatele</u>, No. 05-CV-1669 (TFH) (dkt. no. 6)).  Respondents, however, never said that they would not oppose challenges by petitioners to the Protective Order and related, supplementary orders.  Rather, respondents reserved "their right to challenge any particular terms of these orders in any future proceedings as appropriate."  Respondents' Motion to Stay at 3 n.1, <u>Al-Bahooth</u>, 05-CV-1666 (ESH) (dkt. no. 3), <u>Al-Sopai</u>, 05-CV-1667 (RBW) (dkt. no. 3), <u>Al-Uwaidah</u>, 05-CV-1668 (GK) (dkt. no. 3); and Respondents' Motion to Stay at 2 n.1, <u>Algatele</u>, No. 05-CV-1669 (TFH) (dkt. no. 6).

information to DoD to ensure that information disclosed to counsel in the return is in accordance with all applicable statutes, regulations, and Executive Orders. Respondents must then prepare both public and classified versions of the factual return for submission to the Court and counsel. Given that the D.C. Circuit will soon determine the proper scope of these proceedings, including whether the claims of petitioners can be dismissed without reference to specific factual returns for petitioners, there is no justification for inflicting substantial burdens on government resources and increasing the potential risks to national security by expanding access to classified information that may ultimately prove unnecessary.

While the submission of factual returns should not go forward at all, if this Court allows such an undertaking to proceed, this Court should set a schedule that would be no more restrictive than necessary; for example, a schedule for the rolling production of factual returns in these (and potentially other) cases over anything less than the next 10 to 12 weeks would be unreasonable. Indeed, currently respondents have at least nine factual returns due in other cases over the next approximately 30 days. Therefore, if the Court determines that submission of factual returns is appropriate in these cases, respondents request that the Court give respondents 90 to 120 days to produce factual returns in these cases, the same amount of time the Court has given respondents in other Guantanamo Bay detainee cases. See Battayav, No. 05-CV-714 (RBW) (dkt. no. 12) (imposing 120-day schedule); Al-Joudi, No. 05-CV-301 (GK) (dkt. no. 26) (imposing 90-day schedule); Al-Adahi, No. 05-CV-280 (GK) (dkt. no. 35) (imposing 90-day schedule); Mamet v. Bush, No. 05-CV-1602 (ESH) (dkt. no. 9) (imposing 90-day schedule); Ameziane, No. 05-CV-392 (ESH) (dkt. no. 12) (imposing 90-day schedule).[9]

_____

[9] Petitioners implicitly accede to the reasonableness of this 90 to 120 day schedule, initially suggested by respondents in their stay motions, by requesting that stays be conditioned

For these reasons, the Court should not order or should stay the production of factual returns for petitioners in these cases, and in no event should it require returns to be produced in 30 days.

## <u>CONCLUSION</u>

For the foregoing reasons, respondents' motions to stay should be granted, without condition or limitation, and petitioners' motions for an order to show cause should be denied.

---

on respondents' "providing a factual return within 30 days <u>or some other reasonable time</u>," <u>see</u> Petr. Opp. at 1 (emphasis added); Petr. Memo. at 1 ("serve a factual return within 30 days or on a date certain within a reasonable time after the order's entry"), and positively citing the abovementioned stay orders, all of which impose 90 to 120 day schedules. Petr. Memo. at 2.

Dated: December 2, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

    /s/ Nicholas J. Patterson
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4523
Fax:  (202) 616-8470

Attorneys for Respondents