IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RASHID AWADH RASHID AL-UWAIDAH**, by and through his next friend, **THAMIR AL-UWAIDAH**,  )<br>)<br>)<br>Petitioners,  )<br>)<br>v.  )<br>)   No. 1:05 CV 01668 (GK)<br>)<br>**GEORGE W. BUSH, DONALD RUMSFELD, ARMY BRIG. GEN. JAY HOOD,** and **ARMY COL. MIKE BUMGARNER**,  )<br>)<br>)<br>Respondents.  )<br>) | |

**PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR ORDER REQUIRING RESPONDENTS TO PROVIDE THE COURT
AND COUNSEL FOR PETITIONER WITH 30 DAYS' ADVANCE NOTICE OF ANY
REMOVAL OF PETITIONER FROM GUANTÁNAMO**

Petitioner Rashid Awadh Rashid Al-Uwaidah respectfully seeks advance notice of any removal of Petitioner from Guantánamo Bay Naval Base in Cuba. As set forth in Petitioner's Motion and Memorandum in Support, this same relief has been granted by six judges in 25 other Guantánamo detainee cases pending in this District, including Your Honor in four cases.

Respondents have transferred at least 76 detainees from Guantánamo to foreign countries for continued detention, including at least 4 detainees who were immediately imprisoned by the Saudi Arabian government. Resp. Br. at 4 n.4; Waxman Decl. ¶ 4. The Department of Defense has transferred these detainees even though "official State Department reports . . . on human rights conditions" confirm "credible reports that the [Saudi] authorities abused detainees[.]" Prosper Decl. at 5 n.1; *see* Petr. Br. at 4-5 (quoting State Dept. Human Rights Reports). Respondents have announced that they intend to transfer other detainees, but they have refused to identify these transferees or to state whether they intend to transfer Petitioner to Saudi Arabia

or some other foreign government. Petitioner requests advance notice to enable counsel to contest any such removal from Guantánamo and to preserve the jurisdiction of the Court in this matter.

Your Honor granted preliminary injunctions on the advance notice issue in four cases: *Alhami v. Bush*, No. 05-359 (June 9, 2005); *Al-Adahi v. Bush*, No. 05-280 (Apr. 28, 2005); *Al-Joudi v. Bush*, 2005 U.S. Dist. LEXIS 6265 (Apr. 4, 2005), involving four Saudi Arabian detainees, and *Al-Marri v. Bush*, 2005 U.S. Dist. LEXIS 6259 (Apr. 4, 2005), involving a detainee from Qatar.[1] In those cases, Respondents filed oppositions which included substantially the same arguments Respondents re-assert now.[2] Because Your Honor rejected Respondents' arguments then, Petitioner will not burden the Court by re-hashing them again here.

Respondents do not even acknowledge Your Honor's decisions in *Al-Joudi, Alhami* or *Al-Adahi* in their Opposition brief, and only acknowledge *Al-Marri* in two footnotes. Primarily, Respondents rely on *Almurbati v. Bush*, 366 F. Supp. 2d 72, 78 (D.D.C. Apr. 12, 2005) and *Al-Anazi*, 370 F. Supp. 2d 188, 198 (D.D.C. Apr. 21, 2005). However, Respondents have already unsuccessfully invoked those decisions in their opposition brief in *Alhami*. Respondents offer

---

[1] In *Alhami* and *Al-Adahi*, Your Honor adopted the reasoning of *Al-Marri* and *Al-Joudi*.

[2] For example, compare Respondents' argument on the Rule of Non-Inquiry in their opposition brief in this matter at pp. 15-19 with Respondents' argument on the same issue in their consolidated opposition to, among others, *Al-Marri* and *Al-Joudi*, of March 21, 2005 at pp. 17-21. For *Alhami*, Respondents also relied on and incorporated by reference their consolidated opposition of March 21, 2005.

CHICAGO_1344868_1

nothing new. Because Respondents principally repeat arguments that your Honor has already addressed, they are herein addressed briefly.[3]

First, Respondents argue that a preliminary injunction is not warranted because such relief is "extraordinary." Resp. Br. at 8. However, faced with this same standard before, Your Honor found that it was "clear" that petitioners were entitled to 30-day advance notice of intent to transfer petitions. *Al-Joudi*, 2005 U.S. Dist. LEXIS, at *21; *Al-Marri*, 2005 U.S. Dist. LEXIS, at *21. Moreover, while Respondents selectively quote judicial opinions for the proposition that preliminary injunctions are "extraordinary," Resp. Br. at 8, they fail to acknowledge the extraordinary facts of this case. In an *ordinary* case, a plaintiff has not been held incommunicado by the government, is not wholly at the government's mercy, and is not at risk of being shipped off to a foreign detention center outside of the Court's jurisdiction. In an *ordinary* case, a plaintiff has the opportunity to present his own testimony, and the government does not have the power unilaterally to deprive the plaintiff of that right. In an *ordinary* case involving a request for habeas relief, there have typically been extensive prior legal proceedings subject to full judicial review, and no discovery may therefore be necessary. None of these "ordinary" facts exist here.

Second, Respondents argue that there would be no irreparable harm from mooting a habeas claim by relinquishing petitioner to another country. Resp. Br. at 9-11. Although this argument was presented to Your Honor in *Al-Joudi*, *Al-Marri* and *Alhami,* the Respondents this time highlight two more recent decisions from other Judges of this Court for support. These case

---

[3] Many of Respondents' arguments are based on the alleged lack of credible evidence presented by Guantánamo detainees regarding their possible transfer and the circumstances surrounding such transfers. If anything, such a lack of evidence should be held against Respondents, who have resisted providing any information on this subject. Indeed, Respondents have opposed Petitioner's attempt to obtain a factual return.

3

CHICAGO_1344868_1

were already presented to Your Honor in *Alhami* and they change nothing. Respondents cite *Almurbati* and *Al-Anazi* for the proposition that the objective of a habeas petition is release from custody. While *Almurbati* contains this point, Judge Walton in *Almurbati* nevertheless required Respondents to submit a declaration to the court "advising it of any transfers and certifying that any such transfers or repatriations were not made for the purpose of merely continuing the petitioners' detention on behalf of the United States of for the purpose of extinguishing this Court's jurisdiction over the petitioners' actions for habeas relief for a reason unrelated to the decision that the petitioners' detention is no longer warranted by the United States." *Almurbati*, 366 F. Supp. 2d at 30-31. Like the detainees in *Almurbati* and *Al-Anazi*, Petitioner does ultimately seek release from custody. However, as Your Honor already noted, Petitioner's interests are ill-served by a transfer that could result in his continued detention yet strip him of "the right to test the legitimacy of [his] executive detention." *Al-Joudi*, 2005 U.S. Dist. LEXIS, at *14; *Al-Marri*, 2005 U.S. Dist. LEXIS, at *14. Your Honor held that such events would "certainly" constitute irreparable harm. *Id.; see also Abdah v. Bush*, 2005 U.S. Dist. LEXIS 4942, at *13 (D.D.C. Mar. 29, 2005).

Third, Respondents argue that Petitioner cannot demonstrate irreparable harm because it is purely speculative and contrary to sworn declarations of U.S. government officials that petitioner would be transferred to a country in circumstances where he will be tortured. Resp. Br. at 9-11. Again, Your Honor was presented with this argument in *Al-Marri* and *Al-Joudi*. Yet Respondents re-argue the point, now citing *Almurbati* and *Al-Anazi* for support. Resp. Br. at 12. But the arguments highlighted in those cases -- sworn declarations of respondents and the argument that none of the news articles relied upon by petitioners involved the transfers of detainees out of Guantánamo -- were already presented to Your Honor in *Al-Marri* and *Al-Joudi*,

4

and, unlike in those cases, Petitioner here relies on admissions by Respondents, official State Department reports, and an Amnesty International report on detainees transferred to Saudi prisons. In *Al-Joudi* and *Al-Marri*, Your Honor found that although the Respondents presented declarations that attempted to mitigate the concerns of torture and indefinite confinement in a foreign country, "they neither refute Petitioners' claims nor render them frivolous." *Al-Joudi*, 2005 U.S. Dist. LEXIS, at *12; *Al-Marri*, 2005 U.S. Dist. LEXIS, at *12.[4]

Additionally, in *Al-Joudi* and *Al-Marri*, Your Honor observed that the Respondents were also unable to "provide any details about the type or form of 'assurances' given, the scope of monitoring that takes place after transfer, or the consequences of noncompliance." *Al-Joudi*, 2005 U.S. Dist. LEXIS, at *13; *Al-Marri*, 2005 U.S. Dist. LEXIS, at *13. The same is true in this case. The Respondents offer updated declarations in this case but the substance of these declarations closely follows that offered in *Al-Joudi* and *Al-Marri*. The government's reliance on the declaration of a State Department official also fails to assure because the State Department, as highlighted above and in Petitioner's opening brief, has itself recognized the danger of torture or abuse to those detained in Saudi Arabia. Petr. Br. at 3-4. Finally, Petitioner, in his opening brief, provided articles and case law that discuss the transfer of detainees out of Guantánamo, and specifically to Saudi Arabia, where some have been held virtually incommunicado. Petr. Br. at 3-4.[5]

---

[4] Judge Richard Roberts noted in a similar case that detainees' concern about transfer to another country with a history of torturing prisoners is not merely "fanciful." *El-Banna v. Bush*, No. 04-1144, at 4 (D.D.C. Apr. 8, 2005)

[5] Respondents also discuss the annual Administrative Review Board process, including alleged invitations to counsel to make written submissions about their client's detention, as part of their transfer and detention process. Resp. Br. at 3-4. However, there has been no such invitation in this case, and while the government may conduct these reviews, they have not disclosed the results of any review to Petitioner's counsel.

5

Fourth, Respondents argue that Petitioner cannot show a likelihood of success because this Court has now power to prevent Respondents from transferring Petitioner in accordance with the policies expressed in Respondents' declarations. Resp. Br. at 12. This argument was also presented to Your Honor and rejected in *Al-Joudi* and *Al-Marri*; Respondents attempt to revisit the argument by citing *Almurbati* and *Al-Anazi*. However, those cases do not provide grounds for revisiting the likelihood of success. Moreover, as Your Honor has recognized, given the potential for serious and irreparable harm in the absence of an injunction, the lack of prejudice to Respondents from giving notice, and the public interest in protecting the constitutional rights of detainees, even a minimal likelihood of success should suffice to justify injunctive relief. *See Al-Joudi v. Bush*, 2005 U.S. Dist. LEXIS 6265, at *10 (citing *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) ("An order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant.")).

Other Judges of this District have correctly held that "Respondents are wrong however, in arguing that …there is no legal basis for judicial involvement in transfer or repatriation decisions regarding Petitioners." *Abdah*, 2005 U.S. Dist. LEXIS 4942, at *15. In *Abdah*, Judge Kennedy found that Federal Rule of Appellate Procedure 23(a) forbid transfer of the petitioners without notice and leave of the court. Respondents claim that Fed. R. App. P. 23(a) "does not require notice of transfer that constitutes a complete relinquishment of custody, as in the case of return of wartime alien detainees to their own countries." Resp. Br. at 15, n.9. However, Judge Kennedy rejected this argument in *Abdah,* noting that "Rule 23(a) acquires an even greater

6

importance in the context of Petitioners' case." *Id.* at *16. Unlike a transfer to another state, the transfer of Petitioners here would deprive this Court of its jurisdiction. *See id.* at *17.

The Government provides no new ground for this Court to reconsider its prior decision granting 30 days prior notice of any intended removal of Petitioner from Guantánamo. Nor does it provide reason to reject the decisions of other Judges of this Court who have reached the same conclusion on this issue.

## CONCLUSION

For the reasons set forth in Your Honor's prior opinions in other cases, and for the reasons set forth above and in the Motion and Memorandum in Support, Your Honor should enter an Order requiring the Government to provide both the Court and counsel for Petitioner with 30 days notice prior to any removal of Petitioner from Guantánamo.

Respectfully submitted,

\_\_\_/s/ Daniel Mach_____        Dated: December 6, 2005
One of the Attorneys for Petitioner

Thomas P. Sullivan                                    Daniel Mach (Admitted in D.D.C.)
Jeffrey D. Colman                                     JENNER & BLOCK LLP
David J. Bradford                                     601 Thirteenth Street, N.W., Suite 1200
Patricia A. Bronte                                    Washington, D.C. 20005-3823
Wade A. Thomson                                       Tel: (202) 639-6000
Maya D. Nath                                          Fax: (202) 639-6066
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Tel: (312) 923-9350
Fax: (312) 527-0484

*Of Counsel*
Barbara Olshansky (BO3635)
Tina Monshipour Foster (TF5556)

Gitanjali S. Gutierrez (GG1234)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

8

## **CERTIFICATE OF SERVICE**

     I hereby certify that true and correct copies of the Reply Brief in Support of the Motion for an Order Requiring Respondents to Provide the Court and Counsel for Petitioners with 30 Days' Advance Notice of Any Removal of Petitioner from Guantánamo was served upon the following person by e-mail on the 6th day of December and First Class U.S. Mail on the 7th day of December, 2005:

> Preeya M. Noronha
> Trial Attorney
> Civil Division
> Federal Programs Branch
> 20 Massachusetts Ave., NW
> Washington, DC  20530
> email: preeya.noronha@usdoj.gov

                    _____/s/ Daniel Mach_____
                               Daniel Mach