IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**RASHID AWADH RASHID AL-UWAIDAH,** )
by and through his next friend, THAMIR )
AL-UWAIDAH,                         )
                                    )
                                    )
    Petitioners,                    )
                                    )   Civil Action No. 05-CV-1668 (GK)
                                    )
    v.                              )
                                    )
                                    )
                                    )
**GEORGE W. BUSH, et al.,**         )
                                    )
                                    )
    Respondents.                    )
_____)

## OPPOSITION TO RESPONDENTS' MOTION TO STAY PRODUCTION OF THE FACTUAL RETURN

Petitioner, Rashid Awada Rashid Al-Uwaidah, by his counsel, submits this Opposition to Respondents' Motion to Stay Production of Factual Return and in support states:

On August 22, 2005, Mr. Al-Uwaidah filed his petition for writ of habeas corpus, challenging the legality of his four-year detention at Guantánamo Bay Naval Base. The government did not supply a factual return or otherwise inform Mr. Al-Uwaidah or his counsel of any reason for detaining him. As a result, Mr. Al-Uwaidah filed a motion on November 18, 2005, seeking an order requiring the government to provide a factual return. The government opposed the motion on the grounds that requiring it to produce a factual return would be too burdensome and might ultimately become unnecessary, depending on the outcome of two appeals in other Guantánamo cases (the "Guantánamo Appeals"). This Court disagreed and required the government to produce a factual return on or before March 22, 2006, "[t]o ensure

that these proceedings continue in a prompt and orderly fashion after the Court of Appeals rules in [the Guantánamo Appeals]." See Order of December 22, 2005.

In its Motion to Stay, the government once again seeks to avoid providing Mr. Al-Uwaidah and his counsel with its purported justification for detaining him, this time on the grounds that providing a factual return would be burdensome and might ultimately become unnecessary, depending on the applicability to this case of Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005), also known as the Detainee Treatment Act of 2005 ("the DTA") – which issue is now pending before the Court of Appeals in the Guantánamo Appeals. Allowing the government to further delay the production of a factual return serves no legitimate purpose and would prejudice Mr. Al-Uwaidah in at least three ways.

First, regardless of the outcome of the Guantánamo Appeals, the government will have to supply a factual return to Mr. Al-Uwaidah. Even if the Court of Appeals finds that the DTA applies retroactively, the DTA would still entitle Mr. Al-Uwaidah to a review in the Court of Appeals of his Combatant Status Review Tribunal ("CSRT") determination – as the government itself recognizes. (Respondents' Motion to Stay Production of Factual Return ¶ 3; DTA § 1005(e)(1).) Access to a factual return is a necessary foundation for any type of meaningful judicial proceeding. The Supreme Court has established that detainees are entitled to judicial review of the legality of their detention. Rasul v. Bush, 542 U.S. 466, 483-84 (2004). The DTA does not purport to overrule that constitutional imperative. At most, it directs that review proceedings occur in the Court of Appeals rather than the district courts. But regardless of where the review proceedings take place, judicial review is inevitable in this case. Delay in providing factual returns can only further delay the constitutionally mandated review.

CHICAGO_1370237_2

Second, the government should not be permitted to withhold indefinitely any justification it may have for Mr. Al-Uwaidah's four-year detention, while simultaneously imposing an arbitrary deadline for Mr. Al-Uwaidah's counsel to rebut that undisclosed justification. Four days before the government filed its stay motion, it notified counsel that they could provide "input regarding [petitioner] for review and consideration by the 2006 Administrative Review Boards" (the "ARBs") on or before February 24, 2006. (Email with attachment of Feb. 2, 2006 from Teresa McPalmer, CDR, JAGC, U.S. Navy, to habeas counsel, attached as Exhibit A.) The government has stated that it will not respond to inquiries from habeas counsel, including presumably any request to extend the deadline for the ARB submission. (Id.)

Access to a factual return is an essential foundation for preparing a meaningful submission to the ARB. See Al Shabany v. Bush, 2005 WL 3211407 at * 3 (D.D.C. Nov. 17, 2005) ("[T]he factual return appears to be necessary in order to enable counsel effectively to represent the petitioner."); Al-Anazi v. Bush, 370 F. Supp. 2d 188, 200 (D.D.C. 2005) ("Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information."). Indeed, the government's Fact Sheet contemplates that counsel will refer to the CSRT determination in their submissions to the ARB. (Exhibit A.) As the Department of Defense recognized in its September 14, 2004 Order promulgating the ARB procedures, "[t]he ability to make an informed, objective and reasoned independent recommendation to the DCO on the disposition of an enemy combatant's case is dependent upon the ARB's obtaining and reviewing all reasonably available relevant information." (Dept. of Defense, Designated Civilian Official Administrative Review Board of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba § 3(e) (Sept. 14, 2004), attached as

Exhibit B.) This Court should not grant a stay that would ensure that the ARB proceedings are a hollow formality.

Third, as a practical matter, further delay in disclosing factual returns will inevitably result in a backlog and consequent bottleneck. Respondents have repeatedly complained about the burden of providing factual returns in nearly 200 pending detainee cases.[1] If providing factual returns in these cases under the current staggered schedule imposes some administrative burden on the government, then that burden would only be magnified by staying all factual returns until the Court of Appeals issues its decision. Issuing a stay would undoubtedly result in a backlog of unproduced factual returns, which would require the government to satisfy that pent up demand. When the stay is lifted, the government will surely contend that it requires yet further extensions of time to produce factual returns. Thus, the delay respondents now seek will only beget further delay.

---

[1] See Respondents' Nov. 10, 2005 Motion to Stay Proceedings Pending Related Appeals at 13-14; Respondents' Dec. 2, 2005 Motion in Support of Motion to Stay Proceedings Pending Related Appeals and in Opposition to Motion for Order to Show Cause.

4

This case is a classic example of the time-worn aphorism: justice delayed is justice denied. The government has detained Mr. Al-Uwaidah for four years without explaining why. The government's request for a stay serves no practical purpose other than to impede and frustrate further proceedings in the courts and before the ARB. Its motion for a stay should be denied.

| | |
|---|---|
| Respectfully submitted, | Dated: February 17, 2006 |
| ___/s/ David W. Debruin_____ | |
| One of the Attorneys for Petitioner | |
| | |
| David J. Bradford | David W. DeBruin (DDC Bar No. 337626) |
| Omar R. Akbar | JENNER & BLOCK LLP |
| JENNER & BLOCK LLP | 601 Thirteenth Street, N.W., Suite 1200 |
| One IBM Plaza | Washington D.C. 20005-3823 |
| Chicago, IL 60611 | Tel: (202) 639-6000 |
| Tel: (312) 923-9350 | Fax: (202) 639-6066 |
| Fax: (312) 527-0484 | |

*Of Counsel*
Barbara Olshanksy (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

CHICAGO_1370237_2