IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RASHID AWADH RASHID<br>    AL-UWAIDAH, <u>et al.</u>,<br><br>    Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>    President of the United States,<br><u>et al.</u>,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-CV-1668 (GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
<u>MOTION TO STAY PRODUCTION OF FACTUAL RETURN</u>**

Respondents hereby submit this reply memorandum in support of their motion requesting
that the Court stay its order requiring the production of a factual return pending resolution of the
effect of the Detainee Treatment Act of 2005 on this case.

The Detainee Treatment Act of 2005, Pub. L. No. 109-148, Tit. X, 119 Stat. 2680 ("the
Act"), amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for
writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained
at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit,
applicable to pending cases, to address the validity of the detention of such aliens held as enemy
combatants.  <u>Id.</u> § 1005(e)(1), (h)(2).  Petitioner contends that respondents should be required to
produce a factual return pursuant to the Court's December 28, 2005 Order.[1]  <u>See</u> Pet'r's Opp'n at

---

[1]  Petitioner incorrectly asserts that the Court "required the government to produce a
factual return on or before March 22, 2006[.]"  <u>See</u> Pet'r's Opp'n at 1.  The Court's Order (dkt.
no. 20) requires respondents to provide a factual return to petitioner "within 90 days of the entry
of th[e] Order."  Although the Court's Order was dated December 22, 2005, it was entered on the

2.  However, after respondents indicated their intent to file a motion to dismiss this and other similar petitions for habeas corpus based on the Act's withdrawal of the Court's jurisdiction, see Resp'ts' Notification of Supplemental Authority (dkt. no. 24), the Court indicated to the parties that its sense is to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo detainee cases.  Consequently, respondents are awaiting a decision from the D.C. Circuit on this issue prior to seeking any relief in the Guantanamo detainee cases based on the Act.[2]  Thus, a stay of all proceedings in this case, including with respect to the production of a factual return, is appropriate pending the resolution of the effect of the Act.  Indeed, two other Judges of the Court have recently entered orders in the Guantanamo detainee habeas cases before them denying without prejudice all previously pending motions and staying "all action" in the cases "pending the jurisdictional ruling of the District of Columbia Circuit."  See Order (dkt. no. 86), Gherebi v. Bush, No. 04-CV-1164 (RBW) (D.D.C. Jan. 11, 2006); Order (dkt. no. 110), Begg v. Bush, No. 04-CV-1137 (RMC) (D.D.C. Jan. 27, 2006).  This Court likewise should stay the currently required production of a factual return in this case pending resolution of the effect of the Act on the case.

Petitioner also argues that respondents should produce a factual return in this case notwithstanding the Act's withdrawal of the Court's jurisdiction because under the Act

---

docket on December 28, 2005, and therefore, a factual return is currently due on or before March 28, 2006.

[2]  The effect of the Act will be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit.  On January 27, 2006, the D.C. Circuit issued a revised supplemental briefing schedule, with an initial brief by respondents due on February 17, 2006, an opposition by petitioners due on March 10, 2006, and respondents' reply due on March 17, 2006.  Oral argument is scheduled for March 22, 2006.

respondents will still be obligated to produce a factual return to the D.C. Circuit. Petitioner's

argument is equally unpersuasive. Whether and to what extent "factual returns" as they have

been produced in the District Court will be required by the D.C. Circuit is a matter subject to the

exclusive jurisdiction of the Court of Appeals. See Act, § 1005(e)(1) (vesting "exclusive"

jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant

Status Review Tribunal that an alien is properly detained as an enemy combatant"). Thus, it

would be inappropriate for the Court to require relief in the interim that might infringe upon the

Court of Appeals' exclusive jurisdiction. See Telecomm. Research & Action Ctr. v. FCC, 750

F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of

Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of

Appeals).

      Petitioner further argues that counsel require access to a factual return in order to make a

submission to the Administrative Review Board ("ARB") on Mr. Al-Uwaidah's behalf. See

Pet'r's Opp'n at 3. Any complaints regarding preparation for ARB hearings, however, are not

properly before this Court, nor are they a proper subject for this litigation. ARB proceedings are

separate and distinct from proceedings before Combatant Status Review Tribunals ("CSRTs")

that determine whether detainees are properly classified as enemy combatants. Thus, the purpose

of the ARB proceedings is distinct from the issue involved in the habeas petitions before the

Court. The habeas petitions, and factual returns filed in connection with the petitions,[3] concern

whether a petitioner is properly subject to continued detention by the United States, that is,

---

[3] A factual return for a petitioner in a Guantanamo detainee case typically has consisted of
the record of proceedings before the CSRT that confirmed petitioner's status as an enemy
combatant properly subject to detention.

whether a detainee has been legitimately determined to be an enemy combatant and, thus, may be detained for the duration of hostilities, if necessary. The ARB proceedings, on the other hand, currently are designed to assess, on an annual basis, not whether a detainee may be detained as an enemy combatant, but whether it is in the interests of the United States to transfer or continue to detain individuals already determined by CSRTs to be enemy combatants. This decision is based on a weighing and balancing of factors, such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters, and the detainee's continuing intelligence value. See Mem. Implementing Admin. Review of the Detention of Enemy Combatants (Sept. 14, 2004) (available at <<http://www.defenselink.mil/news/Sep2004/ d20040914adminreview.pdf>>). As a result, the ARB issues and the habeas issues are not the same; indeed, the ARB determination involves a complex weighing of factors and exercise of discretion by the Military that is not justiciable. See, e.g., Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Maritime Admin., 215 F.3d 37, 42 (D.C. Cir. 2000) (finding that Executive's "judgments on questions of foreign policy and national interest . . . are not subjects fit for judicial involvement"). Thus, the pendency of an ARB hearing pertaining to petitioner has no bearing on whether respondents should submit a factual return in this habeas proceeding.

Neither should the Court accept petitioner's argument that staying the production of a factual return in this case "will only beget further delay" once the D.C. Circuit issues its decision. See Pet'r's Opp'n at 4. As noted above, the need for or propriety of requiring respondents to submit a factual return is now a matter that should be, and is, within the exclusive jurisdiction of the Court of Appeals. See supra at 3; Telecomm. Research & Action Ctr., 750 F.2d at 75, 78-79.

And even if counsel had access to a factual return, they would not be able to share classified

information in the return with petitioner.  See Amended Protective Order & Procedures for

Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba (dkt. no. 112), In

re Guantanamo Detainee Cases, No. 02-CV-0299 (CKK), 355 F. Supp. 2d 443 (D.D.C. Nov. 8,

2004), ¶ 30.

      In light of the new, statutory withdrawal of the Court's jurisdiction, and given that the

sense of the Court is to await anticipated guidance from the D.C. Circuit on the effect of the Act

before proceeding further in the Guantanamo detainee cases, respondents should not be required

to produce a factual return pertaining to petitioner pursuant to the Court's December 28, 2005

Order.  For the reasons stated herein and in respondents' motion, the Court should stay its order

requiring respondents to produce a factual return pertaining to petitioner until the effect of the

Detainee Treatment Act of 2005 on this case is resolved.

Dated: March 2, 2006                         Respectfully submitted,

                                             PETER D. KEISLER
                                             Assistant Attorney General

                                             DOUGLAS N. LETTER
                                             Terrorism Litigation Counsel

                                                 /s/ Marc A. Perez
                                             JOSEPH H. HUNT (D.C. Bar No. 431134)
                                             VINCENT M. GARVEY (D.C. Bar No. 127191)
                                             TERRY M. HENRY
                                             JAMES J. SCHWARTZ
                                             PREEYA M. NORONHA
                                             ROBERT J. KATERBERG
                                             NICHOLAS J. PATTERSON
                                             ANDREW I. WARDEN
                                             EDWARD H. WHITE
                                             MARC A. PEREZ (WA Bar No. 33907)

Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4505
Fax:  (202) 616-8202

Attorneys for Respondents