IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RASHID AWAD RASHID AL UWAYDAH, )
)
)
)
Petitioner, )
)
v. ) Civil Action No. 05-1668 (GK)
)
GEORGE W. BUSH, et al., )
)
Respondents. )
_____)

### DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Rashid Awad Rashid al Uwaydah that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 23 March 2006

_____
Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: 0333

3 0 NOV 2004

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 664**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
     (b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #664 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY

UNCLASSIFIED

29 Nov 04

MEMORANDUM

From: Legal Advisor
To:   Director, Combatant Status Review Tribunal

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 664

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #7 of 13 September 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and voluntarily elected to not participate in the Tribunal. The detainee requested his Personal Representative to share information they had previously discussed about the Unclassified Summary.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal complied with all provisions of references (a) and (b). Note that some information in exhibit R-3 was redacted. The FBI properly certified in exhibit R-2 that the redacted information would not support a determination that the detainee is not an enemy combatant. Internee Serial Numbers in exhibits R-9 and R-10 have been redacted by a member of the Combatant Status Review Tribunal administrative support element in Guantanamo Bay. Such redactions are completely unnecessary and illogical. I have advised personnel in Guantanamo Bay to cease the practice.

   d. The detainee did not request that any witnesses or evidence be produced.

   e. The Tribunal's decision that detainee # 664 is properly classified as an enemy combatant was unanimous.

   f. The detainee's Personal Representative was given the opportunity to review the record of proceedings and declined to submit comments to the Tribunal.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

UNCLASSIFIED

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 664

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

JAMES R. CRISFIELD JR.
CDR, JAGC, USN



# Department of Defense
### Director, Combatant Status Review Tribunals

13 Sep 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #7

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

■■■■■■■■■■■■■■■■■■■ Colonel, U.S. Army; President

■■■■■■■■■■■■■■■■■■■ Commander, JAGC, U.S. Navy; Member (JAG)

■■■■■■■■■■■■■■■■■■■ Lieutenant Commander, U.S. Navy; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Naval Reserve



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

03 November 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 664

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN███████.

CHARLES E. JAMISON
CAPT, USN

~~SECRET//NOFORN//X1~~

### (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (3).

(U) TRIBUNAL PANEL: __#7__

(U) ISN#: __664__

Ref:   (a) (U) Convening Order for Tribunal #7 of 13 September 2004 (U)
       (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
       (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:  (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/~~FOUO~~)
       (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
       (3) (U) Copies of Documentary Evidence Presented (S/NF)
       (4) (U) Personal Representative's Record Review (U/~~FOUO~~)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 24 October 2004, the Tribunal determined by a preponderance of the evidence that Detainee #664 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with, Taliban or Al Qaida forces, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

Colonel, U.S. Army
Tribunal President

DERV FM: Multiple Sources   ~~SECRET//NOFORN//X1~~
DECLASS: X1

UNCLASSIFIED//FOUO

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: _____#7_____
ISN #: _____664_____

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and was part of or supporting Taliban or Al Qaida forces. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The Tribunal held this hearing on 24 October 2004. The Recorder presented Exhibits R-1 and R-2 during the unclassified portion of the Tribunal. The primary exhibit, the Unclassified Summary of Evidence (Exhibit R-1), indicates that: the detainee is associated with Al Qaida; the detainee voluntarily traveled from Saudi Arabia to Pakistan in June or July 2001; one of the detainee's known aliases was on a list of captured Al Qaida members that was discovered on a computer hard drive associated with a senior Al Qaida member; the detainee's name is on a list of "trust" accounts of Al Qaida mujahidin found during raids against Al Qaida safe houses in Pakistan; and the detainee's name is on a list of names, aliases and nationalities recovered during raids of suspected Al Qaida safe houses in Pakistan. The Recorder called no witnesses.

The detainee did not attend the Tribunal and refused to provide the Personal Representative with an affirmative or negative response when asked if he desired to participate, as indicated on the Detainee Election Form (Exhibit D-a). The Personal Representative did offer to tell the detainee's story to the Tribunal, if the detainee wished. The detainee indicated to the Personal Representative that "this was good." Accordingly, the Tribunal treated the detainee's failure to affirmatively respond to the Personal Representative's invitation to participate in the Tribunal process as a declination and proceeded without the detainee. However, consistent with the detainee's desires, the Personal Representative submitted into evidence the detainee's responses to the assertions on the Unclassified Summary of Evidence (Exhibit D-b). The Personal Representative presented no other evidence and called no witnesses on behalf of the detainee.

UNCLASSIFIED//FOUO

UNCLASSIFIED//~~FOUO~~

During the classified session of the Tribunal, the Recorder presented Exhibits R-3 through R-14 and commented on the evidence. The Personal Representative presented no classified evidence and made no comments on the classified exhibits. After considering all of the classified and unclassified evidence, the Tribunal determined that the detainee is properly classified as an enemy combatant.

3. **Evidence Considered by the Tribunal**

The Tribunal considered the following evidence in reaching its conclusions:

   a. Exhibits: R-1 through R-14 and D-a and D-b.

   b. Testimony of the following persons: None.

   c. Unsworn statement of the detainee:

      See Exhibit D-b.

4. **Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses**

The detainee requested no witnesses.

The detainee requested no additional evidence be produced.

5. **Discussion of Unclassified Evidence**

The Recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2, the FBI redaction certification, provided no usable evidence. Accordingly, the Tribunal had to look to other evidence to support the assertions on the Unclassified Summary of Evidence and the Tribunal's conclusions.

As noted in paragraph 2, above, the Personal Representative submitted a written response to the assertions contained on the Unclassified Summary of Evidence (see Exhibit D-b). In sum, the detainee admitted he traveled from Saudi Arabia to Pakistan in June or July of 2001, but stated he did so because the Saudi government was chasing him. He clarified that he went to Pakistan via the United Arab Emirates. Regarding his name and aliases appearing on certain computer lists, he stated that there are many names like his and someone who hates him may have planted his name on the lists. He also requested that the Tribunal check the dates on the information because it could relate to before he was in Pakistan. The detainee added that while he was in Pakistan, the war was going on in Afghanistan and there was bombing and there were many Americans at his hotel. The detainee claims that if he was guilty or afraid, he would have run away, but he didn't.

UNCLASSIFIED//~~FOUO~~

Also, he claims that other people he met stole his money and passport. When considered in the light of the classified evidence, the Tribunal found the detainee's statement unpersuasive. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

### 6. Consultations with the CSRT Legal Advisor

None.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee chose not to participate in the Tribunal proceeding. No evidence was produced that caused the Tribunal to question whether the detainee was mentally and physically capable of participating in the proceeding, had he wanted to do so. Accordingly, no medical or mental health evaluation was requested or deemed necessary.

    b. As indicated in Exhibit D-a, the detainee made a conscious decision not to provide a definitive response to the Personal Representative's invitation to participate in the Tribunal process. Because the Personal Representative fully explained the Tribunal process to the detainee, and because the detainee indicated that having the Personal Representative present the detainee's story to the Tribunal was "good," the Tribunal finds the detainee made a knowing, intelligent and voluntary decision not to personally participate in the Tribunal process.

    c. The detainee is properly classified as an enemy combatant because he was part of or supporting Taliban or Al Qaida forces.

### 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

Colonel, U.S. Army
Tribunal President

# DETAINEE ELECTION FORM

Date: 20 OCT 04
Start Time: 1430
End Time: 1540

ISN#: 664

Personal Representative: [redacted], LTC, US ARMY
(Name/Rank)

Translator Required? Y      Language? ARABIC

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

**Detainee Election:**

☐ Wants to Participate in Tribunal

☐ Affirmatively Declines to Participate in Tribunal

☒ Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee refused to attend by not answering the question of whether he would attend or not. I went around this issue several different ways with him but could not get an answer. I told him that no definitive answer was going to be interpreted as a no, but that I would tell his story if he wished. He indicated this was good. So, PR will tell his story to the Tribunal.

Personal Representative: [redacted]

UNCLASSIFIED

## Combatant Status Review Board

TO: Personal Representative

FROM: OIC, CSRT (05 October 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – AL UWAYDAH, Rashid Awad Rashid

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that he is associated with al Qaida.

    a. The detainee is associated with al Qaida:

    1. The detainee voluntarily traveled from Saudi Arabia to Pakistan in June or July 2001.

    2. One of the detainee's known aliases was on a list of captured al Qaida members that was discovered on a computer hard drive associated with a senior al Qaida member.

    3. The detainee's name is on a list of 'trust' accounts of al Qaida Mujahidin found during raids against al Qaida safe houses in Pakistan.

    4. The detainee's name is on a list of names, aliases and nationalities recovered during raids of suspected al Qaida safe houses in Pakistan.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED

Page 1 of 1

Exhibit R1

# Memorandum



UNCLASSIFIED

| | | | |
|---|---|---|---|
| To : | Department of Defense<br>Office of Administrative Review<br>for Detained Enemy Combatants<br>Col. David Taylor, OIC, CSRT | Date | 09/28/2004 |
| From : | FBI GTMO<br>Counterterrorism Division<br>Asst. Gen. Counsel ▬▬▬▬ | | |
| Subject | REQUEST FOR REDACTION OF<br>NATIONAL SECURITY INFORMATION<br>▬▬▬▬▬▬ | | |

Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

The following documents relative to ISN 664 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 06/15/2002

---

[1] Redactions are blackened out on the OARDEC provided FBI document.

[2] See Executive Order 12958

UNCLASSIFIED

Page 1 of 2

Exhibit R2

UNCLASSIFIED

Memorandum from ▮▮▮▮▮ to Col. David Taylor
Re:  REQUEST FOR REDACTION, 09/28/2004

       If you need additional assistance, please contact Asst. Gen. Counsel ▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or, Intelligence Analyst ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or Intelligence Analyst ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

UNCLASSIFIED

Page 2 of 2

UNCLASSIFIED//FOUO

Detainee 664 response to allegations in the Unclassified Summary

1. It is correct that I traveled to Pakistan, but I traveled from the United Arab Emirates. I had left Saudi Arabia because the Saudi government was chasing me. Several friends were also being chased and had been caught, so I went to Pakistan.

2.

3. Regarding the names on the computers. There are many names like mine; there is a Rashid Ahmed in this camp. How can you know that this name is mine? There are a lot of Arab people from Medina (my home town) in Pakistan. It's possible someone of them used my name out of hatred or some other reason. People can use any name they want.

4. Same as 3. but adds. What are the dates on this information, perhaps it was before I was in Pakistan.

In Pakistan while the war was going on in Afghanistan and there was bombing, there were many Americans in my hotel. If I were guilty of something and afraid, I would have run away. I didn't run away. There were other people I met there and they stole my money and my passport. Later the Pakistani Intelligence arrested me. I was so shocked that I could not take care of myself.

UNCLASSIFIED//FOUO

UNCLASSIFIED//<s>FOUO</s>

# Personal Representative Review of the Record of Proceedings

I acknowledge that on 27 October 2004, I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #664.

_✓_ I have no comments.

___ My comments are attached.



_____ LTC
Name

27 OCT 04
Date

ISN #664
Enclosure (4)

UNCLASSIFIED//<s>FOUO</s>