IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RASHID AWADH RASHID<br>AL-UWAIDAH, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>President of the United States, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-CV-1668 (GK)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONDENTS' NOTICE PURSUANT TO
THE COURT'S DECEMBER 28, 2005 ORDER**

Pursuant to the Court's December 28, 2005 Order (dkt. no. 22),[1] respondents hereby give notice that in no sooner than thirty days they intend to release petitioner Rashid Awadh Rashid Al-Uwaidah from the custody of the United States and repatriate him to the Kingdom of Saudi

---

[1] This filing in compliance with the Court's prior order is made without prejudice to any argument that this Court lacks jurisdiction under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680, which amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) *habeas* petitions filed by aliens detained by the Department of Defense at Guantanamo Bay, or (2) any other action relating to any aspect of the detention of such aliens, and, in addition, provides that the D.C. Circuit "shall have exclusive jurisdiction" to address the validity of the detention of such aliens held as enemy combatants. See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

Arabia.[2] Specifically, petitioner will be transferred to the control of his home government for continued detention, investigation, and/or prosecution as that country deems appropriate, consistent with the policies and practices pertaining to such transfers as outlined in the declarations of Ambassador Pierre-Richard Prosper and Deputy Assistant Secretary of Defense for Detainee Affairs Matthew C. Waxman previously filed in this case.[3] See Respondents' Memorandum In Opposition To Petitioners' Motion For Preliminary Injunction Requiring Advance Notice of Transfer or Release (dkt. no. 12), Exhibits A-B.[4]

Dated: April 26, 2005                           Respectfully submitted,

                                                PETER D. KEISLER
                                                Assistant Attorney General

                                                DOUGLAS N. LETTER
                                                Terrorism Litigation Counsel

---

[2] To the extent that petitioner's counsel is willing to waive the 30-day period so as to potentially expedite petitioner's repatriation, counsel is requested to contact undersigned counsel for respondents as soon as possible.

[3] While Mr. Waxman and Mr. Prosper have both recently left office, the policies and practices set forth in their prior declarations remain in effect and are applicable to the instant case, while certain numerical information regarding numbers of transfers in the declarations is subject to updating.

[4] Similar notices of transfer of Guantanamo detainees are being filed contemporaneously in a total of nine Guantanamo detainee *habeas* cases pending in this Court before Judges Kessler, Friedman, Urbina, Kollar-Kotelly, Roberts, and Huvelle.

        /s/ Terry M. Henry
_____
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Rm. 7212
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents