## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**RASHID AWADH RASHID AL-UWAIDAH,**      )
**by and through his next friend, THAMIR**  )
**AL-UWAIDAH,**                          )
                                        )
                                        )
        **Petitioners,**                )
                                        )        **Civil Action No. 05-CV-1668 (GK)**
                                        )
        **v.**                          )
                                        )
                                        )
**GEORGE W. BUSH, et al.,**              )
                                        )
                                        )
        **Respondents.**                )
_____)

### PETITIONER'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE
### WHY THIS CASE SHOULD NOT BE DISMISSED

Petitioner, Rashid Awadh Rashid Al-Uwaidah, by his counsel, submits this response to the Court's order to show cause why this case should not be dismissed, and in support states:

On or about May 18, 2006, Respondents transferred Mr. Al-Uwaidah from Guantánamo Bay Naval Base, Cuba ("Guantánamo") to the custody of the Kingdom of Saudi Arabia. On May 24, 2006, Your Honor issued a minute order indicating: "Petitioners' counsel shall show cause by June 10, 2006 why this case should not be dismissed."[1] Because Petitioner is entitled to discovery on whether Saudi Arabia continues to detain Mr. Al-Uwaidah at the behest of the United States and because Mr. Al-Uwaidah's transfer violates Fed. R. App. P. 23(a), this Court should not dismiss Mr. Al-Uwaidah's habeas claims.

---

[1] Because June 10 was a Saturday, counsel for Mr. Al-Uwaidah called the court clerk and was told that this response could be filed on Monday, June 12, 2006.

Because Mr. Al-Uwaidah's non-habeas claims are not mooted by his transfer to Saudi Arabia, this Court should not dismiss those claims.

## BACKGROUND

On August 22, 2005, Mr. Al-Uwaidah filed his petition for writ of habeas corpus, challenging the legality of his four-year detention at Guantánamo. Mr. Al-Uwaidah also asserted several non-habeas claims.[2] Due to concerns that Respondents would transfer Mr. Uwaidah for continued detention to another country, possibly in an attempt to evade the jurisdiction of this Court, Mr. Al-Uwaidah filed a Motion and Memorandum in Support for Order Requiring Respondents to Provide the Court and Counsel For Petitioner with 30 Days' Advance Notice of Any Removal of Petitioner from Guantánamo ("Motion") on November 18, 2005. In his Motion, Mr. Al-Uwaidah cited *Abdah v. Bush*, 2005 U.S. Dist. LEXIS 4144, at *16 (D.D.C. Mar. 12, 2005), which found that detainees had been sent to other countries, and specifically Saudi Arabia, on the express condition that they continue to be detained. Mot. at 2-3. In *Abdah*, Judge Collyer examined  the declaration of Ambassador Prosper -- similar to the affidavits filed in this case -- and held:

> What is evident from the record is that the Pentagon and State Department are working together to arrange for some numbers of unspecified GTMO detainees to be transferred to foreign nations and detained for uncertain periods....That this process continues is acknowledged by the United States.

*Id.* at *16 (citing Prosper Declaration p. 2).

In their response brief to the Motion, Respondents, as they have done in numerous other filings, *see* Motion at 10-11 (citing cases), argued that once they transfer a detainee

---

[2] Mr. Al-Uwaidah's non-habeas claims include:  arbitrary denial of due process under the Geneva Conventions and international humanitarian and human rights law; and torture, cruel, inhuman or degrading treament, and arbitrary arrest and prolonged arbitrary detention under the Alien Tort Statute.  (Am. Compl. pp. 14-24.)

to the custody of another country, this Court loses jurisdiction over that detainee's petition because the ultimate goal of relinquishment from U.S. custody would be realized. Resp. Br. at 14.

On December 22, 2005, Your Honor granted Mr. Al-Uwaidah's Motion, ordering Respondents to provide Mr. Al-Uwaidah's counsel and this Court with 30 days' notice prior to transporting or removing Mr. Al-Uwaidah from Guantánamo.[3]  Respondents filed a notice of interlocutory appeal on this issue on February 23, 2006.  That appeal remains pending.

On April 26, 2006, Respondents filed a notice ("Notice") pursuant to Your Honor's December 22, 2005 order.  The Notice indicated that Mr. Al-Uwaidah would be transferred

> to the control of his home government for continued detention, investigation, and/or prosecution as that country deems appropriate, consistent with the policies and practices pertaining to such transfers as outlined in the declarations of Ambassador Pierre-Richard Prosper and Deputy Assistant Secretary of Defense for Detainee Affairs Matthew W. Waxman previously filed in this case.

Resp. Notice at 2.  In a footnote, the Notice indicates that "while Mr. Waxman and Mr. Prosper have both recently left office, the policies and practices set forth in their prior declarations remain in effect and applicable to the instant case." *Id.* at n.3.

On or about May 18, 2006, Respondents transferred Mr. Al-Uwaidah from Guantánamo to the custody of Saudi Arabia.  Mr. Al-Uwaidah remains in the custody of the Saudi government at the time of this filing.  (*See* Exhibit A, Declaration David J. Bradford.)

## ARGUMENT

As Judge Bates concluded in *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 68-69 (D.D.C. 2004), Petitioner should be afforded discovery on whether the Saudi government is detaining Mr. Al-Uwaidah at the behest of the United States and whether the transfer seeks to evade this

---

[3] Petitioner waived the right to 30 days' notice under that Order, but did not consent to dismissal of this proceeding.

Court's jurisdiction to hear Mr. Al-Uwaidah's claim.  Mr. Al-Uwaidah's habeas claims should

not be dismissed without adversarial process based on that discovery.   Also, Mr. Al-Uwaidah's

non-habeas claims should not be dismissed because they are not mooted by his transfer.

**I.      This Case Should Not Be Dismissed Because There Is Reason To Believe That Mr. Al-Uwaidah Remains In The Constructive Custody Of Respondents.**

Where another country holds a habeas petitioner at the behest of the United States in

order to deny the petitioner the right to assert his rights in the United States, a habeas petition

should not be denied for lack of jurisdiction.  *See Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 68-69

(D.D.C. 2004).[4]  In *Abu Ali*, petitioner filed a habeas petition to challenge his ongoing detention

in a Saudi prison allegedly at the behest and supervision of the United States.  *Id.* at 30-31.  The

respondents (including the Director of the FBI, the Attorney General and several U.S. officials)

argued the court lacked jurisdiction and the case should be dismissed, "no matter how extensive

a role the United States might have played and continues to play in his detention, for the sole

reason that [petitioner] is presently in a foreign prison."  *Id.* at 40.

Judge Bates rejected respondents' arguments and ordered "jurisdictional discovery" to

determine whether petitioner could continue to challenge his detention in Saudi Arabia.  *Id.*   In

so ruling, Judge Bates rejected the respondents' arguments as to why the court did not have

jurisdiction.  First, Judge Bates ruled that habeas protection is not stilted by narrow readings of

its territorial  parameters and, as the Supreme Court in made clear in *Rasul v. Bush*:  "the writ of

habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds

him in what is alleged to be unlawful custody."  *Id.* at 43 (quoting *Rasul*, 124 S.Ct. 2686, 2695

---

[4] Your Honor previously acknowledged that in light of *Abu Ali*, it was "unclear" if the transfer of a Guantánamo detainee would strip this court of jurisdiction.  *Al-Joudi v. Bush*, 2005 U.S. Dist. LEXIS 6265, at *14 (Apr. 4, 2005).  Your Honor, however, acknowledged the danger of a jurisdiction-stripping transfer.  *Id.*

(2004)).    Judge Bates thereby rejected respondents' argument that there were "implicit territorial" limits on habeas.

Second, Judge Bates held that the Supreme Court has "very liberally" construed the "custody" requirement of habeas, and this requirement can be satisfied where the petitioner is held   in "constructive custody."    *Id.* at 45-50.    Noting the "accepted breadth of the habeas statute," Judge Bates ruled that given

> the many circumstances in which habeas jurisdiction has been found where the individual was not in the immediate possession of the respondent, and the decisions in which habeas jurisdiction was found when the executive or some other government official was working through the intermediary of a State, a private individual, or a private corporation, the Court cannot find any basis in the habeas statute for denying jurisdiction merely because the executive is working through the intermediary of a foreign ally.

*Id.* at 49 (citations omitted); *see also Omar v. Harvey*, 416 F. Supp. 2d 19, 24-27 (D.D.C. 2006) (rejecting government's argument that court did not have jurisdiction over habeas petitioner who was in custody of a multinational force in Iraq because evidence suggested that petitioner was in constructive custody of United States).    Judge Bates held it is "well-established" that federal courts can take action where a party attempts to wrongfully deprive parties of their right to sue. *Id.* at 54.

Third, Judge Bates rejected respondents' arguments that discovery into the detention of petitioner in Saudi Arabia should be denied on constitutional principles, including the act of state doctrine, separation of powers, and the political question doctrine.    While Judge Bates ruled that each of these principles were "important considerations," he ruled that none "extinguishes the

fundamental right" of a habeas petitioner to challenge his detention alleged to be at the behest of the executive. *Id.* at 57.[5]

Judge Bates' analysis in *Abu Ali* is persuasive and should be applied in this case. There is circumstantial evidence that Saudi Arabia may be detaining Mr. Al-Uwaidah at the behest of the United States and that Respondents thereby seek to deny him the ability to assert his rights in the United States.[6] There has been no suggestion that Mr. Al-Uwaidah was held at Guantánamo on account of violations of the laws of Saudi Arabia; thus, there is no apparent reason for his continued detention – without formal charges – other than that it is at the behest of the United States government. Second, there is evidence of a pattern of conduct by Respondents of transferring detainees to evade jurisdiction. Placing Mr. Al-Uwaidah, and other detainees, in Guantánamo in the first place was motivated in part by the probability that habeas jurisdiction would not extend there. *See* Robert M. Chesney, *Leaving Guantánamo: The Law of International Detainee Transfers*, 20 U. RICH. L. REV. 657, 660-61 (2006) (citing a 2001 memorandum from the Department of Justice's Office of Legal Counsel).

---

[5] Abu Ali was an American citizen. However, given that the Supreme Court expressly ruled that this court has jurisdiction to hear habeas claims of detainees such as Mr. Al-Uwaidah, *see Rasul*, 124 S.Ct. at 2698, the colorable claim that Respondents are constructively detaining Mr. Al-Uwaidah through Saudi agents to thwart jurisdiction here, and the Supreme Court's liberal reading of the relevant habeas provisions, this fact should make no difference here. *See Abu Ali*, 350 F. Supp. 2d at 54 ("It is well-established that federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal Courts for the protection of their rights in those tribunals.") (quoting *Alabama Great S. R. Co. v. Thompson*, 200 U.S. 206, 218 (1906)). Moreover, the extraordinary circumstances surrounding Mr. Al-Uwaidah's claim -- including the fact that Respondents detained him incommunicado for over four years with no trial or military commission hearing -- should further weigh in favor of the discovery Mr. Al-Uwaidah seeks at this time.

[6] Presumably, only the governments of Saudi Arabia and the United States know what role, if any, the United States plays in Mr. Al-Uwaidah's continued detention. The only means for Petitioner to present direct evidence on the issue is through discovery. That discovery should include, at minimum, one or more Rule 30(b)(6) depositions.

It would deny Mr. Al-Uwaidah due process to dismiss this petition on the basis of outdated affidavits from former government employees, which were not subject to cross-examination or any adversarial testing process. (*See* Waxman Declaration, p. 2.) At a minimum, Mr. Al-Uwaidah should be allowed limited discovery into any agreements, conditions, or stipulations between Respondents and the Saudi government concerning his continued detention in Saudi Arabia.

## II.     This Case Should Not Be Dismissed Because Respondents Have Violated Federal Rule Of Appellate Procedure 23.

Mr. Al-Uwaidah's habeas claims also should not be dismissed because a dismissal would improperly reward Respondents for their violation of Federal Rule of Appellate Procedure 23.[7] Federal Rule 23 requires that "the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule." Fed. R. App. P. 23(a). The rule further provides that only the court may authorize that the prisoner be transferred to another appropriate custodian. *Id.* Rule 23 "was designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending." *Abdah v. Bush*, 2005 U.S. Dist. LEXIS 4942, at *15-16 (D.D.C. 2005) (citations omitted). While Rule 23 "is not typically applied in situations involving the transfer of prisoners to the custody of foreign nations," its application to cases like the Petitioner's is "consistent with both the text of the rule and its underlying purpose." *Id.* By unilaterally transferring Mr. Al-Uwaidah to the Saudi government, Respondents have acted in clear violation of Rule 23, and have frustrated the rule's

---

[7] Federal Rule of Appellate Procedure 23 is applicable because Respondents have filed an appeal in the instant case. This appeal is pending.

purpose.  Because Respondents have violated Rule 23, they should not reap the benefit of the dismissal of Mr. Al-Uwaidah's claims.[8]

### III.    This Case Should Not Be Dismissed Because Mr. Al-Uwaidah's Non-Habeas Claims Are Not Mooted By His Transfer.

Mr. Al-Uwaidah's non-habeas claims concern historic events and would not be moot even if his incarceration had ended.   Thus, these claims should not be dismissed, even if this Court dismisses his habeas claims.  If this Court dismisses Mr. Al-Uwaidah's non-habeas claims, this Court should not dismiss them with prejudice.

<u>CONCLUSION</u>

For the reasons set forth herein, this case should not be dismissed and Mr. Al-Uwaidah should be allowed reasonable discovery into the circumstances surrounding the role of the United States government in his continued detention in Saudi Arabia.

Respectfully submitted,                                  Dated: June 12, 2006

____/s/ David W. Debruin_____
One of the Attorneys for Petitioner

David J. Bradford                                        David W. DeBruin (DDC Bar No. 337626)
Wade A. Thomson                                       JENNER & BLOCK LLP
Elton Y. Wong                                            601 Thirteenth Street, N.W., Suite 1200
Omar R. Akbar                                           Washington D.C. 20005-3823
JENNER & BLOCK LLP                              Tel: (202) 639-6000
One IBM Plaza                                           Fax: (202) 639-6066
Chicago, Illinois  60611
Tel:  (312) 222-9350
Fax: (312) 527-0484

---

[8] Respondents have argued in numerous filings that this Court lacks of jurisdiction pursuant to Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005), also known as the Detainee Treatment Act of 2005 ("the DTA").  As Your Honor is well-aware, this issue was briefed and now pending before the District of Columbia Court of Appeals.  There is no reason to rule on jurisdiction relating to the DTA until we have heard from the Court of Appeals.

*Of Counsel*
Barbara Olshanksy (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Petitioner's Response To Court's Order To Show Cause Why This Case Should Not Be Dismissed** was served upon the following person by electronic filing and e-mail on the 12th day of June, 2006:

> Preeya M. Noronha
> Trial Attorney
> Civil Division
> Federal Programs Branch
> 20 Massachusetts Ave., NW
> Washington, DC  20530
> email: preeya.noronha@usdoj.gov

/s/ David W. DeBruin